UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

In Re:                                        )        Chapter 11
BKC LLC                                       )        Case No. 07-14645-JNF
    Debtor                                    )
---------------------------------------------

### MOTION OF DEBTOR FOR AUTHORITY TO EMPLOY COUNSEL

To the Honorable Joan N. Feeney, Bankruptcy Judge:

    Now comes the above captioned Debtor and moves this Court for an Order authorizing the Debtor to employ Gary W. Cruickshank to act as its Counsel and the Debtor submits the following in support thereof:

    1. On July 27, 2007, a voluntary petition under Chapter 11 of the United States Bankruptcy Code was filed by the Debtor in this Court (the "Reorganization Case").

    2. The Debtor seeks to employ Gary W. Cruickshank to act as its Counsel in this case pursuant to Section 327 and Section 1107 of the Bankruptcy Code.

    3. Gary W. Cruickshank is an attorney duly admitted to practice in this Court, has considerable experience in matters of this character and Gary W. Cruickshank is qualified to represent the Debtor in this case.

    4. The Debtor seeks to employ counsel in order to render the following professional services:

        A. To assist and advise the Debtor in the formulation and presentation of a Plan of Reorganization and Disclosure Statement;

        B. To advise the Debtor as to its duties and responsibilities as Debtor-in-Possession;

      C. To assist and advise the Debtor in the sale of its real estate.

      D. To perform such other legal services as may be required during the course of this Chapter 11 case.

5. It is necessary for the Debtor to employ an attorney to perform such professional services.

6. Gary W. Cruickshank has no connection with the creditors, any party in interest or their respective attorneys.

7. Gary W. Cruickshank represents no interest adverse to the Debtor or the estate in the matters upon which he is to be engaged and his employment would be in the best interest of this estate.

8. The relief sought in the within Motion is a core proceeding as that term is defined in 28 U.S.C. 157.

9. The Debtor does not anticipate any opposition to this Motion.

10. Prior to filing of this case on July 24, 2007, Attorney Cruickshank was paid, inter alia, the sum of $7,100.00 (hereinafter the "Payment"). The payment will be deposited in a separate interest bearing account as indicated in the Affidavit of counsel filed contemporaneously herewith. The source of the Payment was the manager of the Debtor, Kenneth R. Howatt and his wife.

11. Attorney Cruickshank seeks authority to apply, on a monthly basis, the Payment in accordance with paragraph 9 of the Affidavit filed contemporaneously herewith.

12. Attorney Cruickshank was also paid, on June 24, 2007 the amount of $1,039.00 which was deposited in his operating account to pay the Chapter 11 filing fee.

On July 18, 2007, Attorney Cruickshank was paid the sum of $400.00 from said Kenneth R. Howatt for an initial consultation.

WHEREFORE, the Debtor prays that it be authorized to employ Gary W. Cruickshank as Counsel to perform the services specified in paragraph 4 above, that Attorney Cruickshank be authorized to apply, on a monthly basis, the Payment in accordance with paragraph 9 of the Affidavit filed contemporaneously herewith and that the Debtor have such other and further relief as is just.

                                BKC LLC

Dated: July 30, 2007            By: /s/ Kenneth R. Howatt
                                    Kenneth R. Howatt
                                    Manager

## CERTIFICATE OF SERVICE

      I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Motion has been served, electronically, upon the United States Trustee, 1184 Thomas P. O'Neill Jr. Fed. Bldg., 10 Causeway Street, Boston MA  02222 .


Dated:  July 31, 2007                /s/Gary W. Cruickshank, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In Re:                                    )    Chapter 11
BKC LLC                                   )    Case No. 07-14645-JNF
    Debtor                                )
---------------------------------------------

## AFFIDAVIT

I, Gary W. Cruickshank, being duly sworn, depose and say:

1. That I am an attorney admitted to practice before this Court.

2. I maintain an office at 21 Custom House Street, Suite 920, Boston, Massachusetts 02110.

3. I do not presently represent any entity (except the Debtor) as defined by 11 U.S.C. 101(15) in connection with the above entitled case.

4. I hereby represent that I do not hold or represent any interest adverse to the estate of the above-named Debtor and that I am not a creditor of the Debtor.

5. My connections with the Debtor, creditors or other parties in interest, their respective attorneys and accountants are none.

6. I hereby represent that I am a "disinterested person" as that term is defined in 11 U.S.C. 101(14).

7. I hereby represent that I have not agreed to share with any person the compensation to be paid for the services rendered in this case.

8. Prior to the filing of this case, I have received funds in the amount of $7,100.00, which has been placed in a separate escrow account as a security retainer (the "Security Retainer") for services to be rendered during the

course of this case. I also received the sum of $1,039.00 which was deposited in my firm operating account and was utilized to pay the Chapter 11 filing fee and a check in the amount of $400.00 on July 18, 2007, which was payment for the initial consultation.

9. The undersigned seeks authority to apply on a monthly basis the Security Retainer, without specific interim application to this Court and on an interim basis, to the fees and expenses as they are incurred in this case. Said Security Retainer will be transferred to the general operating account of Attorney Cruickshank as services are rendered at the rate of $400.00 per hour for Attorney Cruickshank and $125.00 for the paraprofessionals on his staff, and as expenses are incurred. There will be no funds added to the Security Retainer without further application to and approval of this Court. Any such application of fees and expenses from the Security Retainer will be interim only, subject to the final allowance of this Court upon appropriate application pursuant to Sections 330 and 331 of the Bankruptcy Code. The undersigned acknowledges that any interim compensation paid pursuant to this paragraph will be subject to disgorgement if this Court awards a lesser figure in final fees than the funds which have been applied on an interim basis by Attorney Cruickshank from the Security Retainer.

10. I acknowledge that all fees are subject to review and approval of this Court.

11. I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) There is any change of circumstances relating thereto.

12. I have reviewed the provisions of MLBR 2016-1.

Signed under the pains and penalties of perjury this  31  day of July, 2007.

Dated: 7/31/07

Gary W. Cruickshank, Esq.
21 Custom House Street
Suite 920
Boston MA 02110
(617) 330-1960
(BBO107600)
gwc@cruickshank-law.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In Re:                           )      Chapter 11
BKC LLC                          )      Case No. 07-14645-JNF
    Debtor                     )
----------------------------------------------

ORDER RE: MOTION OF DEBTOR FOR AUTHORITY
TO EMPLOY COUNSEL

At Boston, in said District, on the _____ day of

_____, 2007.

This matter having come on before me upon the annexed Motion of the above captioned Debtor seeking authority to employ Gary W. Cruickshank to act as Counsel to the Debtor, it appearing that it is necessary for said Debtor to employ counsel and it appearing that said Gary W. Cruickshank is an attorney duly admitted to practice in this Court, and it further appearing that said Gary W. Cruickshank represents no interest adverse to the estate in the matters upon which he is to be engaged, and it further appearing that said employment would be in the best interest of the estate, no further notice required and no adverse interest represented, it is hereby

 FOUND:

That the relief requested in the annexed Motion is a core proceeding as that term is defined in 28 U.S.C. 157; and it is hereby

ORDERED:

That the Debtor is authorized to employ Gary W. Cruickshank as its Counsel to perform the services set forth in paragraph 4 of the annexed Motion, and it is further

ORDERED:

That Attorney Cruickshank is authorized to apply, on a monthly basis, the Security Retainer, as that term is defined in the Affidavit of Gary W. Cruickshank filed contemporaneously herewith and which definition is incorporated by reference herein, said application in accordance with paragraph 9 of said Affidavit.

_____
Joan N. Feeney, Bankruptcy Judge